UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDRE SHARP,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>EDWARD BORLA, WARDEN,<br><br>　　　　　Respondent. | Case No.   1:23-cv-01557-KES-HBK (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS [1]<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. No. 11) |

　　　　Petitioner Anthony Andre Sharp ("Petitioner"), a state prisoner, initiated this action by filing a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1, "Petition"). In response, Respondent filed a Motion to Dismiss ("Motion") and lodged several state and federal court records in support. (Doc. Nos. 11, 12). Petitioner filed an opposition to the Motion to Dismiss, and Respondent filed a Reply. (Doc. Nos. 17, 18). The Court permitted Petitioner to file a Sur-reply. (Doc. Nos. 24, 25). For the reasons set forth more fully below, the undersigned recommends granting Respondent's Motion to Dismiss.

////

////

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

## I.  BACKGROUND

In 2016 in Fresno County Superior Court, Petitioner was convicted of possession of child pornography, and in a bifurcated trial, the trial court found Petitioner had three prior strikes. (Doc. No. 12-1).  Petitioner was sentenced to twenty-five years to life.  (*Id.*; Doc. No. 1 at 1).  In 2017, the California Court of Appeal dismissed Petitioner's direct appeal at his request.  (Doc. No. 12-2).  Respondent notes Petitioner has filed "numerous state habeas petitions related to the pertinent judgment."[2]  (Doc. No. 11 at 2 n.1).

To the extent discernable, the Petition raises three grounds for relief concerning his failure to receive a resentencing hearing.  In particular,  Petitioner claims: (1) his due process rights were violated because the state court "failed to comply" with California Assembly Bill 1540 requirements to provide notice, set a status conference within 30 days of receipt of the request, and appoint counsel; (2) his state and federal constitutional rights were violated because he did had a right to appear at a hearing; and (3) the state court's "fact finding process" was unreasonable because he was not offered a hearing on his request.  (Doc. No. 1 at 5-9).  In the Motion to Dismiss, Respondent contends the Petition should be dismissed because it fails to raise a cognizable federal claim.  (Doc. No. 11).  In response, Petitioner restates the argument that his due process rights were violated because, pursuant to California Assembly Bill 1540, he was entitled to be present at a hearing regarding his petition for resentencing.  (Doc. No. 17).  In reply, Respondent maintains that errors of state law, and specifically errors in the post-conviction review process, are not cognizable on federal review.  (Doc. No. 18).  In his sur-reply, Petitioner argues he is claiming violation of his federal due process rights, and therefore his is not a "claim of state law error."  (Doc. No. 25 at 2 (internal citations omitted)).

////

---

[2] Respondent generally indicates that it was unnecessary to lodge the related state court habeas petitions because they "do not appear to be needed for the adjudication of Respondent's motion to dismiss," and offered to provide copies of the petitions should the Court deem it necessary.  (Doc. No. 11 at 2 n.1).  In the interests of efficiency, and due to the clear lack of merit in Petitioner's claims, the Court will not direct Respondent to lodge the related state court habeas petitions in this matter; however, going forward the Court expects all related state court records to be lodged in accordance with the Order requiring a response to the Petition.  (*See* Doc. No. 5).

## II.  APPLICABLE LAW AND ANALYSIS

Under Rule 4, if a petition is not dismissed at screening, the judge "must order the respondent to file an answer, motion, or other response" to the petition.  R. Governing 2254 Cases 4.  The Advisory Committee Notes to Rule 4 state that "the judge may want to authorize the respondent to make a motion to dismiss based upon information furnished by respondent."  A motion to dismiss a petition for writ of habeas corpus is construed as a request for the court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990).  Under Rule 4, a district court must dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief.  *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

### A.  No Federal Habeas Corpus Jurisdiction

"The habeas statute 'unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'"  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (internal citations omitted).  Thus, "'it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"  *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010) (internal citations omitted); *Swarthout*, 562 U.S. at 219 ("[F]ederal habeas corpus relief does not lie for errors of state law.").  A challenge to the provisions of a state sentencing law does not generally state a federal habeas claim.  *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989).  Rather, a federal habeas court is bound by the state court's determination concerning the provisions of state law.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.")).  "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."  *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994).  "A habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due

process violation.' " *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1177 (C.D. Cal. 2014) (quoting *Richmond v. Lewis*, 506 U.S. 40, 50 (1992)).

Petitioner's grounds for relief in his Petition are premised on the argument that his due process rights were violated because, when the state court considered his resentencing petitions, the state courts allegedly failed to comply with California Assembly Bill 1540 which, according to Petitioner, requires that he receive notice, a status conference, appointment of counsel, and the right to appear at a hearing.[3] (*See* Doc. No. 1 at 5-9). Of note, Petitioner does not appear to argue that he was wrongfully denied resentencing on the merits; rather, liberally construed, he contends only that his due process rights were violated because the state courts allegedly did not follow the procedural guidelines set out in Assembly Bill 1540, particularly as to his right to appear at a hearing. (*Id.*). This argument is unavailing. It is well-settled that errors of state law cannot form the basis for federal habeas relief. *See Estelle*, 502 U.S. at 67-68 ("[I]t is not the province of a federal habeas court to reexamine state-court decisions on state-law grounds."). More specifically, challenges to the adequacy of state post-conviction proceedings are generally not redressable through federal habeas corpus proceedings. *See Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (errors arising in post-conviction proceedings are not cognizable in federal habeas proceedings because they do not represent an attack on Petitioner's detention).

Thus, Petitioner's challenge to the state court's application of state sentencing laws is not cognizable on federal habeas review. *See Fegan v. Matterson*, 2024 WL 1995339, at *2 (E.D. Cal. May 6, 2024) (finding petitioner's claim that the trial court erred procedurally by summarily denying his resentencing petitions without first appointing counsel, issuing an order to show cause, and holding an evidentiary hearing, was not cognizable on federal habeas review); *Bamber v. Pollard*, 2020 WL 4818598, at *3-4 (N.D. Cal. Aug. 19, 2020) ("federal habeas relief is not

---

[3] Assembly Bill 1540, effective January 1, 2022, moved the recall and resentencing provisions of former California Penal Code section 1170(d)(1) to section 1170.03, and "clarifies the required procedures" where the CDCR recommends recall and resentencing, including, in relevant part, that the state court is required to hold a hearing (unless the parties otherwise stipulate), state on the record its reason for its decision, provide notice to the defendant, and appoint counsel for the defendant. (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7); *People v. McMurray*, 76 Cal. App. 5th 1035, 1040-41 (Cal. Ct. App. 2022). Effective June 30, 2022, section 1170.03 was renumbered as section 1172.1 with no change in text. (Stats. 2022, ch. 58, § 10).

available for alleged errors in the application and interpretation of state law, including in sentencing, even if the state law has been erroneously interpreted or applied") (collecting cases). Finally, Petitioner may not, as he attempts to do here, "transform a state-law issue into a federal one merely by labeling it a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996); *see also Fegan*, 2024 WL 1995339, at *2 ("Petitioner's attempt to transform his claims into federal constitutional rights by general, conclusory references to federal due process is unavailing.") (collecting cases).

For the foregoing reasons, the undersigned recommends that the Petition be dismissed for failure to state a cognizable federal habeas claim.

### III. CERTIFICATE OF APPEALABILITY

State prisoners in a habeas corpus action under § 2254 do not have an automatic right to appeal a final order. *See* 28 U.S.C. § 2253(c)(1)(A); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To appeal, a prisoner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2); *see also* R. Governing Section 2254 Cases 11 (requires a district court to issue or deny a certificate of appealability when entering a final order adverse to a petitioner); Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997). Where the court denies habeas relief on procedural grounds without reaching the merits of the underlying constitutional claims, the court should issue a certificate of appealability only "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. Here, reasonable jurists would not find the undersigned's conclusion debatable or conclude that petitioner should proceed further. The undersigned therefore recommends that a certificate of appealability not issue.

Accordingly, it is RECOMMENDED:

1. Respondent's Motion to Dismiss (Doc. No. 11) be GRANTED.

2. The Petition (Doc No. 1) be DISMISSED.

3. Petitioner be denied a certificate of appealability.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:  May 17, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE