# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ANDRE SHARP,<br><br>Petitioner,<br><br>v.<br><br>EDWARD BORLA, WARDEN,<br><br>Respondent. | Case No.: 1:23-cv-01557-KES-HBK (HC)<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DENYING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Docs. 1, 11, 26) |

Petitioner Anthony Andre Sharp is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 17, 2024, the assigned magistrate judge issued findings and recommendations recommending that respondent's motion to dismiss be granted, and that the petition be dismissed for failure to state a cognizable federal habeas claim. Doc. 26. Those findings and recommendations were served upon all parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. In addition, the parties were "advised that failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.*, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014); *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)). Petitioner has not filed objections, and the deadline to do so has

expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of the case. Having carefully reviewed the entire file, the court concludes that the magistrate judge's findings and recommendations are supported by the record and proper analysis. The petition alleges that the state court failed to comply with resentencing procedures under California Assembly Bill 1540, violated petitioner's due process right to appear at a resentencing hearing under that Act, and had an unreasonable fact-finding process because it did not hold a hearing. Doc. 1 at 5–9. However, apart from vague references to due process rights, petitioner argues only that state law was violated, and "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). As the magistrate judge correctly noted, a federal habeas petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process," as petitioner seeks to do here. *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a habeas petition on the merits, the court may only issue a certificate of appealability if "jurists of reason could disagree with the district court's resolution of [the petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

The court finds that reasonable jurists would not find the court's determination that the petition should be denied debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Therefore, the court declines to issue a certificate of appealability.

Based upon the foregoing, the court **ORDERS**:

1. The findings and recommendations issued on May 17, 2024, Doc. 26, are **ADOPTED** in full;

2. Respondent's Motion to Dismiss, Doc. 11, is **GRANTED**;

3. The petition for writ of habeas corpus, Doc. 1, is **DENIED**;

4. The court declines to issue a certificate of appealability;

5. The Clerk of the Court is directed to terminate any pending deadlines and **CLOSE** the case.

IT IS SO ORDERED.

Dated:    July 15, 2024

UNITED STATES DISTRICT JUDGE

3